UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| ADVANCED CODING TECHNOLOGIES LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL NO. 7:25-CV-00446-ADA |
| APPLE INC., | § § § | |
| Defendant. | § | |

### ORDER GRANTING-IN-PART APPLE INC.'S MOTION FOR COSTS UNDER FRCP 41(d)

Before the Court is Defendant Apple Inc.'s Motion for Costs Under Fed. R. Civ. P. 41(d). Dkt. 30. The Court, having considered the Motion, Plaintiff's Response (Dkt. 35), and Apple's Reply (Dkt. 36), is of the opinion that the motion should be and hereby is **GRANTED-IN-PART.**

The Court agrees that Apple is entitled to costs accrued in prior litigation involving the same six patents. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied. FED. R. CIV. P. 41. The goal of Rule 41(d) is to 'deter forum shopping and vexatious litigation on the part of the plaintiff.'" *Sammons v. Economou*, No. SA-18-CA-194-FB (HJB), 2018 WL 7351695, at *3 (W.D. Tex. Oct. 10, 2018) (quoting *Portillo v. Cunningham*, 872 F.3d 728, 739 (5th Cir. 2017)), *report and recommendation adopted*, 2018 WL 7351696 (W.D. Tex. Oct. 31, 2018). "The award of costs under Rule 41(d) is at the court's discretion." *Ocoro v. Montelongo*, No. 5:16-CV-01278 (RCL), 2018 WL 1902550 (W.D. Tex.

Apr. 19, 2018) (quoting *Walkaway Canada Inc. v. You Walk Away, LLC*, 2011 U.S. Dist. LEXIS 65053 (N.D. Tex. 2011)). Under Rule 41(d), "costs" include taxable costs under 28 U.S.C. § 1920 as well as additional costs such as "attorney travel, meals, lodging, telephone charges, express delivery charges, pro hac vice fees, fees for certificates of good standing, and computer research charges." *Id.* at *6.

Plaintiff Advanced Coding Technologies asserts six patents in this action against Apple. Previously, the same six patents had been asserted in two cases which were eventually consolidated in the Eastern District of Texas. *See Advanced Coding Techs. LLC v. Apple Inc.*, No. 2:24-cv-00572-JRG, Dkt. 13 (E.D. Tex. Sept. 5, 2024) ("*Apple I*"). Apple moved to dismiss for improper venue, or alternatively to transfer to the Northern District of California. *Apple I*, Dkt. 37 (Oct. 21, 2024). Despite the pending motion to dismiss, the parties engaged in discovery, including reviewing third-party source code and progressing through the beginning of claim construction briefing. Dkt. 30, Def.'s Mot. at 2.

On September 29, 2025, the Eastern District of Texas concluded venue was improper, but, rather than dismiss, it concluded that the case should be transferred to the Northern District of Texas. *Apple I*, Dkt. 79. The case was transferred to the Northern District of Texas on October 1, 2025. *See Advanced Coding Techs. LLC v. Apple Inc.*, No. 3:25-cv-02666-L, Dkt. 80 (N.D. Tex. Oct. 1, 2025). That same day, Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i), as Apple had not answered or filed a motion for summary judgment. *Id.* at Dkt. 84. On that same day, Plaintiff filed this suit. Dkt. 1, Compl.

The Court agrees that based on Plaintiff's voluntary dismissal of the previous actions on the same day the consolidated cases were transferred to the Northern District of Texas, and filing of this lawsuit on the same day, warrants an award of costs under Rule 41(d). The Court also

finds that Apple's sought costs are reasonable and can be recovered under Rule 41(d). Therefore, Apple is entitled to the total amount sought in its motion. While Plaintiff argued that Apple's motion sought attorney's fees and should not be awarded because they will benefit Apple in the instant case, the Court is unpersuaded by those arguments. The Court finds that Apple is requesting the costs of the types commonly granted under Rule 41(d). Further, the Court does not agree that Apple will benefit from the prior costs being spent on litigation which has now been dismissed and finds Apple's arguments persuasive that its costs were wasted on the prior litigation. Apple is therefore entitled to the full extent of its costs sought in the Motion.

However, the Court does not find it is necessary to stay all deadlines in this case pending Plaintiff's payment of the cost award. While Apple focused on the lack of prejudice to Plaintiff in its briefing, the Court finds neither party will be prejudiced by allowing the case deadlines to continue. Plaintiff is ordered to pay these costs in a reasonable time, without delay, but the Court will decline to stay the case pending payment. This decision is guided by the parties' submission of their Joint Motion for Entry of the Scheduling Order (Dkt. 37), which the Court finds should be entered and should control. In its discretion, the Court will decline to stay the case.

**IT IS THEREFORE ORDERED** that Defendant Apple's Motion is **GRANTED-IN-PART**. The Motion is **GRANTED** to the extent that Defendant Apple seeks an award of costs accrued in prior litigation. Plaintiff Advanced Coding Technologies is hereby **ORDERED** to pay to Defendant ▮▮▮▮▮ in costs accrued in Defendant's prior litigation against Apple involving the same claims. All remaining relief request is **DENIED**. The deadlines will not be stayed pending Plaintiff's payment of the same.

**SIGNED** this January 14, 2026.

                                                                                         ALAN D ALBRIGHT
                                                                                         UNITED STATES DISTRICT JUDGE